UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| DANESSA V. BLAIR, individually and on behalf of similarly situated individuals,<br><br>           Plaintiffs,<br><br>   v.<br><br>PROFESSIONAL TRANSPORTATION, INC., and RONALD D. ROMAIN, individually and as chief executive officer of Professional Transportation, Inc.,<br><br>           Defendants. | 3:14-cv-18-RLY-WGH |

**ENTRY ON PLAINTIFFS' MOTION TO
COMPEL PRODUCTION OF DOCUMENTS**

This matter is before me, William G. Hussmann, Jr., United States Magistrate Judge, on Plaintiff Danessa Blair's Motion to Compel Production of Documents ([Filing No. 170](#)) and Chief Judge Young's order of reference. The matter is fully briefed. ([Filing No. 170](#); [Filing No. 175](#); [Filing No. 181](#).) Being duly advised, I **GRANT** the Motion in part and **DENY** it in part.

I. **Background**

The Plaintiffs here are current and former employees of Defendant Professional Transportation, Inc. (PTI). As the basis for their suit, the Plaintiffs claim that PTI has paid them less than the minimum wage and denied them overtime pay to which they are entitled under the Fair Labor Standards Act.

*See* 29 U.S.C. §§ 206, 207. The FLSA permits aggrieved employees to recover double damages: They may pursue their unpaid overtime wages and the difference between their actual receipts and the minimum wage to which they were entitled, and they also may recover an equal sum in the form of liquidated damages. *See* 29 U.S.C. § 216.

In its Answer, PTI claims that it has dealt with the Plaintiffs in good faith and on a reasonable belief that it has complied with the FLSA. (Filing No. 36 at ¶¶ 21–23.) This is important because the FLSA grants courts discretion to decrease or eliminate statutory liquidated damages awards where they are satisfied that the defendant acted "in good faith and that he had reasonable grounds for believing" he complied with the FLSA. *See* 29 U.S.C. § 260.

By their Motion, the Plaintiffs ask the Court to compel the Defendants to produce communications between the Defendants and the Crew Hauler's Trade Association (CHTA). Specifically, they seek 97 e-mails the Defendants have withheld as privileged and unedited copies of documents the Defendants have produced in redacted form.

The parties describe the CHTA as an association of companies (including PTI) engaged in the business of transporting rail crews to and from train stations throughout the country. According to the Defendants, the CHTA formed in May of 2008—a period when the FLSA was in flux—for the purpose of "advanc[ing] the common public policy and legislative positions of the Members." (*See* Filing No. 170-6 at ECF p. 1; Filing No. 175 at ECF pp. 2, 5.) Presumably, the Plaintiffs seek these documents to undermine the Defendants'

good faith defense—that is, to demonstrate that the Defendants monitored developments in the FLSA and therefore knowingly violated the law.

## II. Legal Standard

A party to litigation is entitled to discover from his adversary "any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). Where federal law decides the case, federal common law also determines the existence and applicability of any evidentiary privilege. Fed. R. Evid. 501; *see also* United States v. BDO Seidman, LLP, 492 F.3d 806, 814 (7th Cir. 2007).

## III. Discussion

The Defendants oppose production on two grounds: The documents sought are irrelevant to the claims and defenses at issue in this litigation, and, in any event, they are communications protected by the attorney-client privilege. I find that most of the documents are relevant for discovery purposes but require *in camera* review for claims of privilege to be properly assessed.

### A. By the Defendants' descriptions, most of the documents the Plaintiffs seek are relevant to the Defendants' good-faith defense.

To be discoverable, evidence must be "relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). At trial, evidence is relevant if it has "any tendency" to make a material fact more or less probable. Fed. R. Evid. 401. But even inadmissible evidence is discoverable so long as it "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

3

The Defendants' submissions suggest that the bulk of their withheld and redacted communications are relevant. They tend to indicate that the CHTA was engaged in the FLSA's 2008 revision, and such evidence could establish (or lead to discovery of additional evidence that could establish) that the Defendants understood the FLSA when they failed to properly compensate the Plaintiffs.

The Defendants concede that requested documents demonstrate that the CHTA sought clarification of the FLSA as it stood and sought to persuade legislators that crew haulers should remain exempt under the revised statute. (*See* Filing No. 175 at ECF p. 7.) Several of the Defendants' privilege log entries explicitly refer to the FLSA, and others refer directly to legislation. (*See, e.g.*, Filing No. 175-1 at entries 6–7, 30, 114–15.) Other entries are less clear but include plausibly relevant terms like "Wage Hour Investigation" (entry 25), "Legislative Meeting" (entry 74), "Legislative Effort" (entry 124), and "Legislative Plan" (entry 127). I therefore find that the Defendants' privilege log indicates that most of the documents would be relevant under Rule 26's loose standard.

The Defendants argue that 20 of the communications in question are irrelevant because they address administrative matters like the CHTA's corporate formation (privilege log entries 66–71, 94–95, 97–98, 101–103), its tax status (entries 63, 65, 116–19), establishment of a bank account (entry 123), and billing (entries 111–13). By and large, I agree: These documents would not be likely to constitute or uncover evidence of the Defendants' engagement with the FLSA.

But the Defendants have produced four of these documents (entries 103 and 111–13) in redacted form. (*See* Filing No. 175-2 at ECF pp. 149, 184, 187, 190.) The redactions appear in e-mails plainly referencing the FLSA and lobbying efforts. To determine that the redacted portions do not contain relevant evidence, the Court would need to review the documents *in camera*.

The Defendants also ask the Court to deem any evidence created earlier than February 11, 2011—three years before the Plaintiffs filed their Complaint—irrelevant because it would exceed the applicable limitations period. But, as the Defendants admit, "events that occurred before an applicable limitations period" may still be relevant and discoverable if they are "otherwise relevant to issues in the case." *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 352 (1978), *quoted in* Filing No. 175 at ECF p. 7. Here, evidence preceding February of 2011 may well be relevant to the Plaintiffs' liquidated damages claims. Therefore, I decline to tether discovery so tightly to a statute of limitations. To whatever extent this decision clashes with Judge Kocoras's opinion in *Jarmoc v. Consolidated Electrical Supply, Inc.*, I respectfully disagree with that approach. *See* No. 92 C 3697, 1993 WL 81440, at *3 (N.D. Ill. 1986).

In sum then, the Defendants need not produce the documents identified in privilege log entries 63, 65–71, 94–95, 97–98, 101–102, 116–19, and 123 because they are irrelevant. I address all remaining documents below.

### B. The Court must review the remaining documents to evaluate the Defendants' claims of privilege.

The attorney-client privilege "protects communications made in confidence by a client and client's employees to an attorney, acting as an

5

attorney, for the purpose of obtaining legal advice." *Sandra T.E. v. S. Berwyn Sch. Dist. 100*, 600 F.3d 612, 618 (7th Cir. 2010) (citations omitted). To qualify for the privilege, the Court must find that (1) the client sought legal advice from his attorney in her capacity as an attorney, (2) attorney and client communicated for that purpose, and (3) they communicated confidentiality. *Id.* (citing *United States v. Evans*, 113 F.3d 1457, 1461 (7th Cir. 1997)).

"The claim of privilege cannot be a blanket claim; it 'must be made and sustained on a question-by-question or document-by-document basis.'" *United States v. White*, 950 F.2d 426, 430 (7th Cir. 1991) (quoting *United States v. Lawless*, 709 F.2d 485, 487 (7th Cir. 1983)). "Further, because the privilege is in derogation of the search for the truth, it is construed narrowly." *Evans*, 113 F.3d at 1461.

The Defendants concede that, "when an attorney is communicating in the capacity of a lobbyist and not as an attorney, such communications are not privileged." (Filing No. 75 at ECF p. 15 (citing *In re Grand Jury Subpoenas Dated March 9, 2001*, 179 F. Supp. 2d 270, 285 (S.D.N.Y. 2001)).) But the Plaintiffs have not objected to the Defendants' contention that communications made for the purpose of obtaining legal advice are privileged even when the attorney otherwise is engaged in lobbying on the client's behalf. (*See id.* at ECF pp. 15–16.[1]) In other words, legal advice invokes privilege, even if it comes from a lobbyist.

---

[1] Citing *United States v. Ill. Power Co.*, No. 99-cv-0833-MJR, 2003 WL 25593221, at *3 (N.D. Ill. Apr. 24, 2003); *Vacco v. Harrah's Operating Co.*, No. 1:07-CV-0663 (TJM/DEP), 2008 WL 4793719, at *7–8 (N.D.N.Y. Oct. 29, 2008); *In re Brand Name*

6

The party asserting privilege bears the burden of persuading the Court that privilege applies. [Evans, 113 F.3d at 1461 (7th Cir. 1997)](). That party must describe each withheld item in a privilege log that enables other parties to assess the claim of privilege. [Fed. R. Civ. P. 26(b)(5)(A)](). If the privilege log lacks sufficient information to allow the Court and the requesting party to determine whether the elements of privilege have been satisfied, the Court may compel production. *See* [Mold-Masters Ltd. v. Husky Injection Molding Sys. Ltd., No. 01 C 1576, 2001 WL 1558303, at *2 (Dec. 6, 2001)]().

The remaining entries provide the Court with too little information to thoroughly evaluate the Defendants' privilege claims. Many entries give no indication that the evidence involves the communication of legal advice. Entry 64, for example, identifies an e-mail ambiguously entitled, "Rail transportation issues." Some entries specifically invoke the phrase "legal advice," but they are scarce. (*See* Entries 74–93, 96.) Given the relatively small number of documents and the widespread generality of the Defendants' log, I would prefer to review the documents before deciding whether they are privileged.[2]

---

[*Prescription Drugs Antitrust Litigation*, No. 94 C 897, MDL No. 997, 1995 WL 557412 (N.D. Ill. Sept. 19, 1995)]().

[2] The Defendants have offered an affidavit from attorney David Coburn, whose name appears in most of the privilege log entries and whose firm the CHTA engaged in 2008. I note Coburn's statement that he did not work as a lobbyist during that period and that the exclusive purpose of his relationship with the CHTA was the provision of legal advice. But privilege must be established document by document, *see* [White, 950 F.2d at 430](), and the Defendants' log fails to do so.

7

**IV. Conclusion**

I **DENY** the Plaintiffs' Motion in that I find that the documents identified in the Defendants' privilege log entries 63, 65–71, 94–95, 97–98, 101–102, 116–19, and 123 are irrelevant and need not be produced.

I **GRANT** the Plaintiffs' Motion in that I find that the Defendants have provided insufficient information to determine whether any remaining documents are subject to a claim of privilege. The Defendants will file all remaining documents in unredacted form within 10 business days of the issuance of this Entry for the Court's *in camera* review.

**SO ORDERED** this 29th day of January, 2015.

_____
WILLIAM G. HUSSMANN, JR.
Magistrate Judge

**Served electronically on all ECF-registered counsel of record.**