UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| MARCUS E. CRAWFORD[1], individually and on behalf of similarly situated individuals, | ) ) ) ) | |
| Plaintiff, | ) ) | 3:14-cv-00018-RLY-WGH |
| vs. | ) ) ) | |
| PROFESSIONAL TRANSPORTATION, INC., and RONALD D. ROMAIN individually and as chief executive officer of Professional Transportation, Inc., | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**ORDER ON DEFENDANTS' OBJECTION TO
MAGISTRATE JUDGE'S ORDER OF JUNE 12, 2015**

**I. Introduction**

Plaintiff, Marcus E. Crawford, individually and on behalf of similarly situated individuals, brought this collective action against Defendants, Professional Transportation, Inc. and Ronald D. Romain, for unpaid minimum wages and overtime allegedly owed to drivers who performed over-the-road service pursuant to the Fair Labor

---

[1] On April 17, 2015, Magistrate Judge Hussmann dismissed Plaintiff Denessa V. Blair with prejudice, and therein ordered that Plaintiff Marcus E. Crawford be substituted as class representative. Magistrate Judge Hussmann further ordered that the original case caption should remain intact. (Filing No. 209). Following that Order, the court substituted Crawford for Blair in the case caption in several documents (Filing Nos. 220, 221, 226, 228), but also retained the original caption in several documents (Filing Nos. 211, 215, 218, 230). The parties have understandably expressed confusion as to the proper case caption. In order to avoid further confusion, the court hereby **ORDERS** the case caption shall reflect that Crawford is the class representative, and shall not include Blair.

1

Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. This matter now comes before the court on Defendants' Objection to the Magistrate Judge's Order on Plaintiff's Motion and Memorandum of Law in Support of the Proposed Case Management Plan. (Filing No. 223). For the reasons set forth below, the court **OVERRULES** Defendants' objection.

## II. Background

The parties tendered a joint Case Management Plan on April 7, 2015 (Filing No. 203), but left certain matters unresolved, including the scope of discovery. After the parties submitted extensive briefing regarding whether Defendants should be permitted to serve individualized discovery-and, if so, what questions could be posed-Magistrate Judge Hussmann ordered that Defendants were permitted to serve discovery to all Plaintiffs who had filed opt-in consents in this case. (Filing No. 220). Magistrate Judge Hussmann considered the Defendants' proposed discovery questionnaire (along with the amended questionnaire), and further ordered that Defendants' questionnaire for the opt-ins could only contain the following provisions from the amended proposal:

1. Do you believe that you are entitled to additional pay for any work week while you were employed by PTI as an over the road driver?

    Yes _____        No _____

    If so please attach any and all documentation that you contend supports your belief.

2. Have you ever filed for bankruptcy? Yes _____    No _____

    If yes, please provide the information requested below:

2

| Date Filed | Name/Location of Court | Case Number | Were you granted a discharge of debts? If so, when? |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

3. Documents
   a. Do you have or can you get copies of any documents, such as calendars, diaries, or journals, that show the hours you worked for PTI as an over-the-road driver during the period of February 2011 to the present? Yes _____ No_____ If yes, then attach copies of all such documents to your answers to this Questionnaire.

   b. Do you have or can you get copies of any documents that show the amount of compensation you were paid by PTI as an over-the-road driver during the period of February 2011 to the present? Yes _____ No _____ If yes, then attach copies of all such documents to your answers to this Questionnaire.

   c. Do you have or can you get copies of any documents, such as calendars, diaries, or journals, that show the actual duties you performed for PTI as an over-the-road driver during any weeks you believe you worked more than 40 hours per work during the period of February 2011 to the present? Yes _____ No_____ If yes, then attach copies of all such documents to your answers to this Questionnaire.

Magistrate Judge Hussmann found that all other questions asked by Defendants in their proposed questionnaire were unduly burdensome and/or irrelevant. Defendants timely objected.

**III. Legal Standard**

Rule 72(a) expressly authorizes a litigant to object to a magistrate judge's order on a non-dispositive motion within fourteen days of service. Fed. R. Civ. P. 72(a). The district court "must consider timely objections and modify or set aside any part of the

3

order that is clearly erroneous or is contrary to law." *Id.* *See* 28 U.S.C. § 636(b)(1)(A). "The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997).

**IV. Discussion**

Defendants object to Magistrate Judge Hussmann's order on the basis that the limited questionnaire does not allow them to learn specifically why the opt-in Plaintiffs believe they are due additional pay, and whether their allegations in this regard make the opt-in Plaintiffs similarly situated, which is required under the FLSA. Defendants contend that such information is both relevant and necessary because they have expressed an intent to move for decertification. Defendants therefore ask this court to permit service of their amended questionnaire (Filing No. 217), a more extensive questionnaire with two attachments, upon all of the opt-ins. Plaintiff retorts that Defendants should not be permitted to use their proposed questionnaire for various reasons, including that the information Defendants seek is already in their possession, irrelevant for purposes of this collective action, and impossible for the opt-ins to know.

As a general rule, the Federal Rules of Civil Procedure allow for "liberal discovery" to "assist[] in the preparation and trial, or the settlement, of litigated disputes." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34 (1984). Indeed, the Federal Rules of Civil Procedure provide that litigants are entitled to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Relevance is then broadly defined as having "any tendency to make a fact more

4

or less probable than it would be without the evidence." Fed. R. Evid. 401. Notwithstanding those rules, courts are required to limit the frequency or extent of discovery otherwise allowed if:

> (i)  the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii)  the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii)  the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C).

The question of whether to allow individualized discovery of opt-in plaintiffs in a 29 U.S.C. § 216(b) collective action under the FLSA is not a novel issue to the federal courts. However, courts lack uniform agreement regarding the disposition of such disputes. "Some courts have treated opt-in plaintiffs in a collective action as ordinary party plaintiffs subject to the full range of discovery permitted by the Federal Rules of Civil Procedure, and have permitted the defendant to seek certain discovery from all opt-in plaintiffs." *Wellens v. Daiichi Sankyo Inc.*, No. C-13-00581, 2014 U.S. Dist. LEXIS 177877, at *6-7 (N.D. Cal. Dec. 29, 2014). *See e.g., Lloyd v. J.P. Morgan Chase & Co.*, Nos. 11 Civ. 9305, 12 Civ. 2197, 2015 U.S. Dist. LEXIS 35161, at *20-21 (S.D.N.Y. Mar. 20, 2015) (ordering that the defendants could serve discovery on all 100 opt-in plaintiffs who did not sign arbitration agreements); *Forauer v. Vt. Country Store, Inc.*, No. 5:12-cv-276, 2014 U.S. Dist. LEXIS 79234, at *16-17 (D. Vt. June 11, 2014)

(authorizing depositions of all twenty-five opt-in plaintiffs); *Abubakar v. City of Solano*, No. CIV S-06-2268, 2008 U.S. Dist. LEXIS 17456, at *10 (E.D. Cal. Feb. 22, 2008) (permitting individualized discovery of all 160 opt-in plaintiffs).

"[Other] courts have limited individualized discovery, reasoning that individualized discovery would undermine the purpose and usefulness of both class actions and collective actions, and instead required only a representative sampling of the opt-in plaintiffs to respond to discovery." *Wellens*, 2014 U.S. Dist. LEXIS 177877 at *8. These courts have determined that "collective actions under the FLSA should be governed by the same standards as govern discovery in Rule 23 class actions and should be limited to only class wide and class based discovery." *Smith v. Lowe's Home Ctrs.*, 236 F.R.D. 354, 357 (S.D. Ohio 2006). *See e.g., Ross v. Jack Rabbit Servs., LLC*, No. 3:14-cv-00044, 2015 U.S. Dist. LEXIS 45603, at *10 (W.D. Ky. Apr. 7, 2015) (limiting discovery to a representative sample of the 236 opt-in plaintiffs); *Strauch v. Computer Scis. Corp.*, No. 3:14 CV 956, 2015 U.S. Dist. LEXIS 15756, at *11 (D. Conn. Feb. 10, 2015) (ordering that the defendant could serve discovery on only 40% of the 80 opt-in plaintiffs when there was potential for the class to grow to 3,000); *Perrin v. Papa John's Int'l, Inc.*, No. 4:09-CV-01335, 2014 U.S. Dist. LEXIS 133974, at *14 (E.D. Mo. Sept. 24, 2014) (rejecting the defendants' request for individualized discovery of nearly 4,000 opt-in plaintiffs).

In this case, Magistrate Judge Hussmann reasonably concluded that a middle-ground approach was appropriate (i.e., that individualized discovery of all the opt-ins should be permitted, but only under narrow constraints), and thereby allowed Defendants

to serve three questions (with subparts) on each opt-in Plaintiff.  Magistrate Judge Hussmann held that Defendants' other proposed questions for the opt-in Plaintiffs would be unduly burdensome, *see* Fed. R. Civ. P. 26(b)(2)(C), and/or irrelevant, *see* Fed. R. Civ. P. 26(b)(1).  This was not clear error or contrary to law.  In fact, Magistrate Judge Hussmann's approach is similar to that taken in a recent case in the U.S. District Court for the Western District of Washington.  *See Thomas v. Kellogg Co.*, No. C13-5136, 2014 U.S. Dist. LEXIS 134786 (W.D. Wash. Sept. 24, 2014).  In *Thomas*, the court examined the divergent paths taken by the federal courts on this issue and concluded that the defendant's extensive discovery (which included ten interrogatories, thirteen to fifteen requests for admissions, and eight document requests) of the approximately 800 opt-in plaintiffs was "too broad and intrusive."  *Id.* at *3, *7.  The *Thomas* court recognized that the defendant intended to move for class decertification on the basis that the opt-ins were not similarly situated, and consequently ordered that only "limited" and "easily digestible" discovery on all the opt-ins would be permitted.  *Id.* at *7-8.  *See also Bonds v. GMS Mine Repair & Maint., Inc.*, No. 2:13-cv-1217, 2014 U.S. Dist. LEXIS 164648, at *6-7 (W.D. Pa. Nov. 25, 2014) (adopting "a third, hybrid-like approach" wherein the defendant was permitted to serve a five-interrogatory questionnaire on all 161 opt-in plaintiffs, but twenty or 12% of those opt-ins would also be required to respond to an additional ten interrogatories and eight requests for production, and be subject to depositions).

     As a general observation, it was reasonable for Magistrate Judge Hussmann to conclude that requiring all of the approximately 3,000 opt-in Plaintiffs in this case to

complete Defendants' proposed questionnaire, which spans at least eighteen pages and perhaps more if the Plaintiff held more than one over-the-road driver position, would impose a significant burden on the parties and the judiciary. In the face of such a large document, it was not clear error for Magistrate Judge Hussmann to require a much more limited form. Additionally, much of the information requested by Defendants should already be in their possession. For example, in Attachment A to the questionnaire, Defendants seek the dates worked for each over-the-road driver position. Yet, Defendants must know this information, if for no other reason than it would have been required in order to issue paychecks. Furthermore, to the extent that such information is relevant, Defendants reasonably should know the branch each driver was located at and the driver's supervisor. These are records that are kept in the ordinary course of business. Question 2 of Defendants' questionnaire asks about the opt-in Plaintiffs' criminal background, but such information is not relevant at this stage of the litigation. Defendants argue that criminal background is relevant for impeachment purposes, but this inquiry would be more appropriately directed at the representative Plaintiffs who will testify at trial. In Question 7, Defendants ask whether a PTI manager or supervisor ever told the opt-in Plaintiff to not record time actually worked. As Plaintiff rightly notes, Defendants could more easily obtain this information from another source that is more convenient and less burdensome, namely its own managers and supervisors.

  Under the facts of this case, "Permitting the full scope of discovery authorized by the Federal Rules of Civil Procedure would undermine the purpose of conditionally certifying a collective action and would be unreasonably burdensome and wasteful of the

parties' and the court's resources." *Cranney v. Carriage Servs., Inc.*, No. 2:07-cv-01587, 2008 U.S. Dist. LEXIS 113606, at *5-6 (D. Nev. June 16, 2008). Accordingly, this court is not "left with the definite and firm conviction that a mistake has been made." *Weeks.*, 126 F.3d at 943.

### V. Conclusion

For the foregoing reasons, the court finds that Magistrate Judge Hussmann's order of June 12, 2015 was not clearly erroneous or contrary to law. Defendants have failed to meet their burden under Federal Rule of Civil Procedure 72(a). Therefore Defendants' Objection (Filing No. 223) is **OVERULLED**.

**SO ORDERED** this 1st day of September 2015.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record