UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| MARCUS E. CRAWFORD, individually and on behalf of similarly situated individuals,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>PROFESSIONAL TRANSPORTATION, INC. and RONALD D. ROMAIN, individually and as President and Secretary of PROFESSIONAL TRANSPORTATION, INC.,<br><br>　　　　　　　Defendants. | Case No. 3:14-CV-18-RLY-MPB |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S
MOTION FOR COLLECTIVE CLASS CERTIFICATION**

Defendants Professional Transportation, Inc. and Ronald D. Romain ("Defendants" or "PTI") respectfully submit this Response in Opposition to Plaintiff's Motion for Collective Class Certification ("Collective Certification Motion") [Docs. 346 & 347].

Plaintiff's Collective Certification Motion asks this Court to certify a "primary class" consisting of:

> All drivers who drove in over-the-road service who were not paid at least minimum wage for all hours worked during any week and for overtime compensation at one and one-half times the drivers calculated regular rate of pay for all hours worked over 40 in any week during the applicable look back period.

Doc. 347 at 1. Plaintiff's Collective Certification Motion also asks the Court to certify a "subclass" consisting of over-the-road ("OTR") drivers defined as:

> All drivers who drove in over-the-road service and performed work activity off-the-clock on pre-trip van inspections associated with their OTR trips, prior to May 2013.

Doc. 347 at 1.

1

## PROCEDURAL BACKGROUND, FACTS, AND LEGAL STANDARD

To avoid unnecessary repetition, PTI incorporates by reference the procedural background of this case, the relevant facts, and the legal standards for maintaining collective certification set out in its Memorandum in Support of Motion to Decertify Collective Action ("Decertification Brief"). Doc. 282 at 1-29.

## ARGUMENT

Plaintiff's Collective Certification Motion should be denied for the following reasons:

**A.    Plaintiff's Collective Certification Motion duplicates Plaintiff's Opposition to PTI's Motion to Decertify Collective Action, which the Court has already decided.**

Plaintiff's Collective Certification Motion asks this Court to order that this case may be maintained as a collective action under the Fair Labor Standards Act ("FLSA"). That is the same question the Court already addressed and decided in ruling on PTI's Motion to Decertify Collective Action. *See* Docs. 281, 282 & 339. Accordingly, Plaintiff's Collective Certification Motion should be denied because it is in reality (1) yet another brief by Plaintiff opposing decertification that is unauthorized and untimely and (2) a second motion for reconsideration of the Court's order decertifying this case as a collective action that is duplicative. Accordingly, PTI respectfully incorporates all of the arguments set forth in its Decertification Brief (doc. 282), the Court's Entry on Defendants' Motion to Decertify and Defendants' Motion to Strike (doc. 339), and PTI's Opposition to Plaintiff's Motion for Reconsideration (doc. 358).

**B.    To the extent Plaintiff's Collective Certification Motion attempts to present any new arguments in support of collective action certification, it is untimely and improper.**

Plaintiff's Collective Certification Motion also appears to attempt to present one or more new theories for his FLSA claims. Plaintiff refers to his "pending Motion for Partial Summary Judgment," in which he asserts PTI "maintain[s] policies that plaintiff alleges do not conform to the FLSA for the entire lock back period." Doc. 347 at 3. Plaintiff contends his summary

judgment motion raises the question whether PTI is properly applying the commute time deduction permitted under the Portal-to-Portal Act. Doc. 347 at 3-4. Plaintiff also appears to object to PTI's rounding policy. Doc. 347 at 7-9. Plaintiffs' Collective Certification Motion argues these new FLSA theories provide a basis for maintaining this case as a collective action. Doc. 347 at 10-20.

Plaintiff is wrong. As set forth in detail in PTI's contemporaneously filed Response in Opposition to Motion for Partial Summary Judgment ("Summary Judgment Response"), any new FLSA theories that Plaintiff now advances have never been pled by Plaintiff and are outside the scope of this action. Doc. 356 at 20-28. PTI incorporates its Summary Judgment Response, which addresses Plaintiff's improper attempt to interject any new theories at this late date without having attempted to amend his complaint and without the parties conducting any investigation or discovery concerning those theories. Plaintiff cannot maintain a collective action with respect to theories that he never pled and on which this case was not conditionally certified. *See, e.g.*, *Blakes v. Illinois Bell Tel. Co.*, No. 11 CV 336, 2013 WL 6662831, at *9 (N.D. Ill. Dec. 17, 2013) (finding that "plaintiffs should not be allowed to avoid decertification based on a theory they never asked the court to conditionally certify"); *Hart v. JPMorgan Chase Bank, N.A.*, 8:12–cv–00470–T–27TBM, 2012 WL 6196035, at *2 n.8 (M.D. Fla. Dec. 12, 2012) (noting that plaintiffs should not seek conditional certification of FLSA claim based on theory that was never pled in the complaint).

C. **Even if Plaintiff's Collective Certification Motion were not procedurally defective, Plaintiff fails to show he and the Opt Ins are similarly situated with respect to any new theories that the Court did not already address in decertifying this action.**

Even if Plaintiff's Collective Certification Motion were not denied on the procedural grounds set forth above, it would fail on its merits. To maintain a case as a collective action,

"Plaintiffs bear the burden of demonstrating that they are 'similarly situated.'" *Strait v. Belcan Eng'g Grp., Inc.*, 911 F. Supp. 2d 709, 718 (N.D. Ill. 2012).

To obtain certification a plaintiff must make a factual showing he is similarly situated to other individuals because they are all "victims of a common policy or plan *that violated the law*." *Streeter-Dougan v. Kirkston Mortg. Lending, LLC*, No. 3:13-CV-00166-RLY, 2013 WL 6174936, at *1 (S.D. Ind. Nov. 21, 2013) (emphasis added). Certification is not warranted simply because a plaintiff is "similarly situated" to other employees with respect to factors unrelated to his or her alleged FLSA claim. *See, e.g.*, *Korenblum v. Citigroup, Inc.*, No. 15-CV-3383 (JMF), 2016 WL 3945692, at *2 (S.D.N.Y. July 19, 2016) ("[A]llegations of the mere existence of standardized policies and procedures are not sufficient . . . (citation omitted)."); *Guillen v. Marshalls of MA, Inc.*, No. 09 CIV. 9575 LAP GWG, 2012 WL 2588771, at *1 (S.D.N.Y. July 2, 2012) ("[T]he relevant practice that binds FLSA plaintiffs together is the one that is alleged to have violated the statute itself.").

Here, Plaintiff fails to offer any evidence to carry his burden of showing he and Opt Ins would be similarly situated with respect to any new FLSA theories. First, Plaintiff fails to offer any evidence that PTI's commute time, rounding, or any other policies that he references in his new theories *violate the FLSA*. Additionally, Plaintiff was not subject to commute time deductions during the time he was employed as an OTR driver. Summary Judgment Response, Doc. 356, at 33-34. Finally, any questions concerning whether Plaintiff's pre-trip inspections were a compensable principal activity that commenced the "continuous workday" rule – to the extent that theory would not fail as a matter of law – would raise inherently individualized legal and fact issues. Doc. 356 at 28-31.

## **CONCLUSION**

For the reasons set forth above, Defendants respectfully request that this Court deny Plaintiff's Motion for Collective Class Certification and grant them all other relief to which they are entitled.

Respectfully submitted,

*s/ Christopher C. Murray*
Christopher C. Murray, IN Bar No. 26221-49
Brian D. Burbrink, IN Bar No. 27762-49
John A. Drake, IN Bar No. 28534-02
Jia Li, IN Bar No. 31835-53
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, PC
111 Monument Circle, Suite 4600
Indianapolis, IN 46204-5402
Telephone: 317-916-1300
Facsimile: 317-916-9076
*christopher.murray@ogletreedeakins.com*
*brian.burbrink@ogletreedeakins.com*
*john.drake@ogletreedeakins.com*
*jia.li@ogletreedeakins.com*

Patrick F. Hulla, PHV
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, PC
4520 Main Street, Suite 400
Kansas City, Missouri 64111
Telephone: 816-471-1301
Facsimile: 816-471-1303
*patrick.hulla@ogletreedeakins.com*

## CERTIFICATE OF SERVICE

I hereby certify that on June 9, 2017, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's CM/ECF system.

>Joseph H. Cassell
>ERON LAW, P.A.
>229 E. William
>Suite 100
>Wichita, KS  67202
>*jhcassell@eronlaw.net*
>
>Terry D. Smith
>LAW OFFICES OF TERRY D. SMITH
>13509 W. 10th Ct. N
>Wichita, KS 67235
>*tsmith@smithlawoffices.net*

>>*s/ Christopher C. Murray*

29778432.2