| | | |
|---|---|---|
| MARCUS E. CRAWFORD, individually and on behalf of similarly situated individuals, | ) ) ) ) | |
| Plaintiffs, | ) ) | 3:14-cv-00018-RLY-MPB |
| vs. | ) ) | |
| PROFESSIONAL TRANSPORTATION, INC. and RONALD D. ROMAIN, individually and as president and secretary of PROFESSIONAL TRANSPORTATION, INC., | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## ENTRY ON PLAINTIFF'S MOTION TO RECONSIDER and PLAINTIFF'S MOTION FOR 2ND STAGE COLLECTIVE CLASS CERTIFICATION

Marcus Crawford,[1] the Plaintiff herein, filed a Complaint for "overtime compensation and minimum wages for work activity performed by over the road [OTR] drivers" employed by Defendant, Professional Transportation, Inc. ("PTI") pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

On April 10, 2014, the court conditionally certified this matter as a collective action pursuant to the parties' stipulation. The conditional class is defined as all current

---

[1] Mr. Crawford was substituted for former named plaintiff, Denessa V. Blair. (Filing No. 209).

and former employees of PTI who worked as OTR drivers at any time from February 11, 2011 to present with outstanding claims for wages. (Filing No. 33, Order).

On July 18, 2016, Defendants filed the present Motion to Decertify Collective Action. On March 22, 2017, having considered the parties' oral argument and reviewed their submissions, the designated evidence, and the applicable law, the court issued an entry granting Defendants' Motion to Decertify Collective Action. Briefly, the court found, *inter alia*, that the class definition was fatally overbroad, and that the Plaintiff's and the Opt-In Plaintiffs' claims based on Defendants' Pre-Trip Inspection Policy[2] covering two time periods—the period before the introduction of the End-of-Trip Inspection Policy (February 11, 2011 to April 30, 2013) and after (May 1, 2013 to present)—raised inherently individualized issues not appropriate for class treatment. Plaintiff now moves the court (1) to reconsider its decision and (2) for an order that this case may be maintained as a collective action under the FLSA. For the reasons set forth below, Plaintiff's Motion for Reconsideration is **DENIED** and his Motion for 2nd Stage Collective Class Certification is also **DENIED**.

## I.     Motion for Reconsideration

### A.     Standard of Review

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit*

---

[2] The drivers were required to perform a "Pre-Trip Checklist" noted on the driver's trip voucher and the Van Inspection Checklist. The parties referred to these pre-trip inspections as the Pre-Trip Inspection Policy.

*Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) (internal quotation marks and citation omitted). A motion to reconsider is appropriate when "'the Court has patently misunderstood a party, or has made a decision outside of the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension.'" *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). Whether to grant a motion to reconsider is committed to the sound discretion of the district court. *Caisse Nationale*, 90 F.3d at 1270.

**B.    Discussion**

**1.    Minimum Wage and Overtime Claims**

Plaintiff first argues that, by decertifying the entire class, the court decided issues outside of the adversarial process. Specifically, he asserts the "Defendants made the strategic decision not to pursue or brief the issues of minimum wages and overtime compensation" in their motion to decertify, even though those issues were a part of the case. (*Id.* at 14).[3] Plaintiff therefore asks the court, upon reconsideration, to certify for trial a collective action of "3,447 opt-in plaintiffs who were not paid minimum wage and/or overtime compensation for all hours worked in weeks in which they drove in OTR service" and "a sub-class of OTR drivers who performed pre-trial inspections under defendants' admitted company policy prior to May 2013." (Filing No. 345, Brief in Support at 1).

---

[3] Plaintiff even asserts that he had "no obligation" to raise his minimum wage and overtime compensation claims. (*See* Response at 14).

3

Plaintiff's argument is contrary to the parties' briefing, the record in this case, and the court's March 22 decision. Defendants' brief in support of their motion to decertify explained the seven different theories supporting Plaintiff's claims for minimum wages and overtime compensation and summarized all of those claims. Defendants argued that Plaintiff had abandoned the majority of those claims. In his Response, Plaintiff denied that he had abandoned most of his theories of liability and again represented that he was, indeed, seeking minimum wage and overtime claims—the same claims asserted in *Matthews v. PTI*, No. 3:11-cv-97-RLY-WGH—and a pre-trip inspection claim. (Filing No. 296, Response at 46). Plaintiff, however, did not otherwise identify the claims for minimum wage and overtime compensation that he believed he and the Opt-Ins possessed other than under a pre-trip vehicle inspection theory, or offer any evidence to support such claims. By offering no evidence and no argument, he failed to carry his burden of showing that he and the Opt-Ins were similarly situated with respect to any other alleged minimum wage and overtime compensation claims. *See, e.g., Strait v. Belcan Eng'g Grp., Inc.*, 911 F.Supp.2d 709, 718 (N.D. Ill. 2012) ("Plaintiffs bear the burden of demonstrating that they are 'similarly situated.'").

In addition, the court also provided Plaintiff with the opportunity to explain what other claims for minimum wages and overtime he believed he and the Opt-Ins were pursuing in this litigation in addition to any pre-trip inspection claims. Although he contended vaguely during oral argument that he and the Opt-Ins did have such claims, he did not explain the basis of the claims or provide evidence to

substantiate them. The court therefore finds that it did not misapprehend the parties' arguments or decide any issues outside of the adversarial process.

### 2. Remaining Issues

Next, Plaintiff argues the court erred by not conditionally certifying a "subclass of OTR drivers who performed pre-trip inspections under defendants' admitted company policy prior to May 2013." In its March 22 decision, the court found the Opt-Ins pre-trip inspection claims raised inherently individualized issues which doom Plaintiff's quest for class certification. (Filing No. 339, Entry on Defendants' Motion to Decertify Collective Action at 16-17). The court has reviewed its ruling, and finds no reason to reconsider it.

Finally, Plaintiff complains about the court's evidentiary rulings and its observation that drivers' performance of pre-trip inspections might be *de minimis* based on evidence that such inspections should take around 5 minutes. Again, the court finds no reason to reconsider its rulings. Plaintiff's Motion for Reconsideration is therefore **DENIED**.

## II. Motion for 2nd Stage Collective Action

Plaintiff moves for a second stage collective class certification of the following primary class:

> All drivers who drove in over-the-road service who were not paid at least minimum wage for all hours worked during any week and for overtime compensation at one and one-half times the drivers calculated regular rate of pay for all hours worked over 40 in any week during the applicable look back period.

Plaintiff also seeks certification of a sub-class of OTR drivers defined as:

All drivers who drove in over-the-road service and performed work activity off-the-clock on pre-trip van inspections associated with their OTR trips, prior to May 2013.

This motion is Plaintiff's third attempt to persuade the court to certify these classes as a collective action. For the reasons stated in the court's March 22 Entry on Defendants' Motion to Decertify Collective Action and in the present Entry on Plaintiff's Motion for Reconsideration, Plaintiff's Motion for 2nd Stage Collective Class Certification is **DENIED**.

## III. Conclusion

Plaintiff's Motion for Reconsideration (Filing No. 344) is **DENIED** and Plaintiff's Motion for 2nd Stage Collective Class Certification (Filing No. 346) is **DENIED**.

**SO ORDERED** this 17th day of August 2017.

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.